[No. 33450.    Department Two.    March 1, 1956.]

CHRISTINA SPICER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Respondent.*[1]

*F. W. Loomis* and *O. M. Nelson*, for appellant.

*The Attorney General* and *Haydn H. Hilling, Assistant*, for respondent department of labor and industries.

*Patterson, Maxwell & Jones*, for respondent Puget Sound Log Scaling and Grading Bureau.

MALLERY, J.—The Puget Sound Log Scaling and Grading Bureau is an independent contractor engaged in scaling and grading logs for loggers, lumber mills, pulp and paper plants,

[1]Reported in 294 P. (2d) 643.

and the like. The claimant herein is the widow of Gervan A. Spicer, deceased, who, in his lifetime, was an employee of the Puget Sound Log Scaling and Grading Bureau.

On January 25, 1951, the deceased had finished scaling a raft of logs, which the St. Paul-Tacoma Lumber Company was in the process of milling. When he started to get into a boat to come ashore, he stepped from a log onto the boom-stick of the raft. His feet slipped from under him, and he fell "flat on his back," sustaining the injuries from which he died on January 30th.

The supervisor of the department of labor and industries denied the widow's claim for a pension upon the ground that a *log scaler is not covered by the industrial insurance act.* She appealed to the board of industrial insurance appeals, which sustained the order of the supervisor. She thereupon appealed to the superior court, which affirmed the board of industrial insurance appeals. She has now appealed to this court and challenges the ruling that log scaling is not extrahazardous work under the act.

The act includes and excludes many occupations by name, but log scaling is not one of them. This makes it necessary to determine if log scaling is incident and necessary to the production processes of the St. Paul-Tacoma Lumber Company's business, so as to include it under the *general* milling classification of the act. See *Morris v. Department of Labor & Industries,* 179 Wash. 423, 38 P. (2d) 395; *Maeda v. Department of Labor & Industries,* 192 Wash. 87, 72 P. (2d) 1034.

We have never heretofore passed upon the question of whether or not log scaling is extrahazardous. The log scaling in question was performed in the same place where the boom men worked. It is never an office operation. Log scalers are experienced men of skill and judgment, who work directly with logs. Their labor is a measuring and tallying process of widespread use in the lumbering industry, and is not merely a bookkeeping operation. Thus, log scalers would not be excluded from coverage under the act, even if it would be correct to assume that office and nonpro-

duction employees would be. It appears that the log scaling in question would be under the act if the St. Paul-Tacoma Lumber Company's mill were the employer.

The deceased employee worked for an independent contractor, not for the St. Paul-Tacoma Lumber Company. Our next step, therefore, is to determine the nature of the independent contractor's business. It rendered services of a specialized nature for a restricted class of employers, chiefly loggers and millmen. It did not have a place of business to which people came for service. When rendered, the service was not in the nature of maintenance, sales, promotions, bookkeeping, or any other collateral undertaking.

When an employer under the act procures the performance of an integral part of its industrial process by an independent contractor, the act applies for the benefit of the independent contractor's employees who perform the service in question, just as if performed directly for the employer, and the independent contractor is an employer under the act so far as the labor in question is concerned.

We think the deceased was engaged in extra-hazardous labor when he was injured, because his services were in the direct process of production of an employer under the act.

The judgment is reversed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

---

July 30, 1956. Petition for rehearing denied.